ROSALIE LINDSAY-GUIMARÃES (Bar No. 11003)
CRAIG BLAKE (Bar No. 16260)
**DISABILITY LAW CENTER**
205 North 400 West
Salt Lake City, Utah 84103
Phone: 801.363.1347
Fax:　　801.363.1437
Email: rguimaraes@disabilitylawcenter.org
　　　　cblake@disabilitylawcenter.org

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| **MANASE L. YOKWE,**<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>**WALMART INC.,**<br><br>　　　　Defendant. | **COMPLAINT**<br><br>**(JURY DEMANDED)**<br><br>Civil No. _____<br><br>Judge _____ |

　　　　Manase L. Yokwe ("Mr. Yokwe" or "Plaintiff"), by and through his undersigned attorneys, hereby complains and alleges against Defendant, Walmart Inc. ("Walmart" or "Defendant"), as follows:

## I. NATURE OF THE CLAIMS

1. This action is brought by Plaintiff under the Americans with Disabilities Amendments Act of 2008 ("ADA"), codified at 42 U.S.C. §§ 12101 *et seq.*, for disability discrimination.

2. Plaintiff seeks injunctive relief, equitable relief, punitive damages, and monetary relief as compensation for Defendant's violations of his rights under the ADA, pursuant to 42 U.S.C. § 12188; and attorney fees and costs, pursuant to 42 U.S.C. § 12205.

## II. PARTIES

3. Walmart is a corporation organized under the laws of the State of Delaware, with its headquarters in Little Rock, Arkansas. Walmart operates retail stores in Salt Lake City, Utah.

4. Walmart is a corporation that employs more than fifteen employees.

5. Mr. Yokwe is an individual residing in the State of Utah, Salt Lake County, and at all times relevant to the allegations in this Complaint worked for Walmart at its retail store located at 4627 South 900 East, Salt Lake City, Utah 84117.

6. Mr. Yokwe suffers from lumbar disc disease, a medical condition that substantially limits various major life activities, including, but not limited to, standing, lifting, bending, and twisting.

### III.     JURISDICTION AND VENUE

7. On about August 22, 2016, Mr. Yokwe filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), alleging discrimination on the basis of disability in the form of wrongful termination and failure to accommodate.

8. On about November 6, 2018, the EEOC issued a Dismissal and Notice of Rights ("Right to Sue") letter in which it indicated that no further action would be taken by the EEOC.[1]

9. Plaintiff has exhausted all available administrative remedies and now seeks relief in federal court.

10. This Court has jurisdiction to hear and decide Plaintiff's civil claims pursuant to 28 U.S.C. § 1331 and the ADA, 42 U.S.C. §§ 12101-12213. This Court has personal jurisdiction over Defendant because Defendant conducts business in the State of Utah.

11. Pursuant to 28 U.S.C. § 1391(b), this Court is the proper venue because all the employment practices alleged to be unlawful were committed within the jurisdiction of the Central Division of the District of Utah.

### IV.     FACTUAL BACKGROUND

12. Defendant is an American multinational retail corporation that operates a chain of superstores, discount department stores, and grocery stores.

13. Mr. Yokwe began working for Defendant in about September 2012 as an Inventory Associate.

---

[1] *See* EEOC Right to Sue letter dated November 6, 2018, attached hereto as Exhibit A.

14. In 2014, Mr. Yokwe sustained neck and back injuries in a car accident. He was diagnosed with lumbar disc disease. Mr. Yokwe requested, and Defendant granted, an unpaid medical leave of absence for Mr. Yokwe to treat his injuries.

15. In about June 2015, Mr. Yokwe further injured his back while working for Defendant.

16. The aggravation of Mr. Yokwe's lumbar disc disease in about June 2015 substantially limited Mr. Yokwe's ability to engage in major life activities, including, but not limited to, standing, bending, twisting, and lifting.

17. Mr. Yokwe requested, and Defendant granted, a second unpaid medical leave of absence so Mr. Yokwe could treat his injuries.

18. In about October 2015, while Mr. Yokwe was on his second medical leave of absence, he filled out and submitted Defendant's "Request for Accommodation Form" to request a reasonable accommodation upon his return to work.[2] Specifically, Mr. Yokwe requested that he be transferred to a position that would allow him to work while sitting down for the majority of his shift.

19. Mr. Yokwe specified on his Request for Accommodation Form that he would not be able to stand or walk for more than ten to fifteen minutes at a time.

20. Mr. Yokwe provided documentation from his physician in support of his request for an accommodation.

---

[2] *See* Mr. Yokwe's 2015 Request for Accommodation Form, attached hereto as Exhibit B.

21. Defendant engaged in the interactive process with Mr. Yokwe and ultimately offered him an alternate position as a full-time People Greeter.

22. Mr. Yokwe accepted the new position and returned to work as a People Greeter on about December 18, 2015.

23. Although Mr. Yokwe's back injury required an extended period of treatment, Mr. Yokwe's physician expected his condition to improve.

24. In about July 2016, Mr. Yokwe's store manager held a staff meeting with Mr. Yokwe and other People Greeters. The store manager informed Mr. Yokwe and the other People Greeters that their position would be changed to add new functions and would be given the new name of Customer Host.

25. At the staff meeting, Mr. Yokwe's store manager asked the People Greeters who were restricted to working in a sitting position to identify themselves by the raise of hands.

26. Mr. Yokwe and at least one or two other People Greeters raised their hands, including one People Greeter who used a wheelchair.

27. Mr. Yokwe's store manager informed Mr. Yokwe and the other People Greeters who had identified themselves by the raise of hands that they were unable to perform the essential functions of the new Customer Host position.

28. Mr. Yokwe and the other People Greeters who identified themselves as needing sitting positions were then handed severance agreements to consider.

29. Immediately after the staff meeting, Mr. Yokwe spoke with his head manager and supervisor and verbally requested an accommodation of a light duty position, whether a Customer Host or some other position, that would allow him to sit for most of his shift.

30. Mr. Yokwe also informed his head manager and supervisor that his need for a sitting position was not permanent, as Mr. Yokwe understood from consulting with his physician that his condition was expected to improve.

31. Defendant informed Mr. Yokwe that it would help him find a new position. Defendant did not direct Mr. Yokwe to look for an alternate position on his own.

32. Defendant did not instruct Mr. Yokwe to fill out the Request for Accommodation Form, as Mr. Yokwe had done previously in 2015.

33. A short time after making his request for an accommodation, Mr. Yokwe followed up with his supervisor to see if a new position had been identified for him. Mr. Yokwe's supervisor advised him not to worry and assured him that management would find an alternate position for him. Mr. Yokwe's supervisor did not direct Mr. Yokwe to look for an alternate position on his own.

34. Mr. Yokwe's supervisor did not instruct him to fill out the Request for Accommodation Form as he had done previously in 2015.

35. Mr. Yokwe relied on Defendant's representations that Defendant would help him find a suitable alternate position to accommodate his recovery period.

36. At no time did Defendant contact Mr. Yokwe's medical provider to discuss his prognosis.

37. At no time did Defendant discuss with Mr. Yokwe potential temporary or longer-term accommodations.

38. Defendant did not provide Mr. Yokwe with information about other available positions at his store or other locations, and did not assist him in any way to find another available position.

39. On about July 8, 2016, while Mr. Yokwe was still waiting to hear from Defendant regarding his request for reasonable accommodation, Defendant terminated Mr. Yokwe.

40. Mr. Yokwe had not signed the proposed severance agreement he received from Defendant and received no severance pay.

41. After Mr. Yokwe's termination, he learned that some of the other People Greeters at his store had been transitioned into the new Customer Host position and some had been reassigned to other departments.

42. Mr. Yokwe also learned that a few other People Greeters at his store, including at least two People Greeters with disabilities who needed to work while sitting, were not placed in alternate positions as a result of the change to the Customer Host position.

## FIRST CLAIM FOR RELIEF
**Disability Discrimination (Wrongful Termination) in Violation of the ADA**

Plaintiff incorporates herein by reference all allegations made in the previous paragraphs, and further alleges as follows:

43. Mr. Yokwe is a person with a disability as defined by the ADA.

44. Mr. Yokwe was qualified, with reasonable accommodation, to perform the essential functions of the People Greeter position at any of Defendant's stores that continued to use People Greeters. Mr. Yokwe was qualified to perform the essential functions of the new Customer Host position with reasonable accommodation. Mr. Yokwe was also qualified, with reasonable accommodation, to perform the essential functions of other positions to which he could have been assigned, such as that of a cashier, at his store or one of Defendant's various other locations.

45. Defendant changed the People Greeter position at Mr. Yokwe's location by modifying its essential functions and calling it the Customer Host position.

46. At a staff meeting, Defendant singled out Mr. Yokwe and other employees who identified themselves as needing a sitting accommodation and informed them that they did not qualify for the new Customer Host position.

47. Defendant knew or should have known that the change from the People Greeter position to the Customer Host position would force Mr. Yokwe to forfeit his temporary reasonable accommodation or risk termination.

48. Defendant gave a proposed severance agreement to Mr. Yokwe and other employees who identified themselves as needing a sitting accommodation. Defendant did not give proposed severance agreements to the employees who did not need a sitting accommodation.

49.     Immediately after the staff meeting, Mr. Yokwe asked Defendant to be transitioned to the new Customer Host position with a temporary sitting accommodation or, in the alternative, to be reassigned to another available position with a temporary sitting accommodation.

50.     Defendant did not respond to Mr. Yokwe's request for reasonable accommodation. Defendant did not provide Mr. Yokwe with paperwork for accommodation requests. Defendant did not engage in the interactive process with Mr. Yokwe to discuss his prognosis or potential temporary or longer-term accommodations with respect to the new Customer Host position. Defendant did not assist Mr. Yokwe with reassignment to another position for which he was qualified with or without accommodation.

51.     Defendant discriminated against Mr. Yokwe by failing to accommodate him and then terminating his employment.

## SECOND CLAIM FOR RELIEF
**Disability Discrimination (Failure to Provide Reasonable Accommodations) in Violation of the ADA**

Plaintiff incorporates herein by reference all allegations made in previous paragraphs, and further alleges as follows:

52.     Mr. Yokwe is a person with a disability as defined by the ADA.

53.     Mr. Yokwe was qualified, with reasonable accommodation, to perform the essential functions of the People Greeter position at any of Defendant's stores that continued to use People Greeters. Mr. Yokwe was qualified to perform the essential functions of the new Customer Host position with reasonable accommodation. Mr. Yokwe was also qualified, with reasonable

accommodation, to perform the essential functions of other positions to which he could have been assigned, such as that of a cashier, at his store or one of Defendant's various other locations.

54. When Mr. Yokwe learned that the People Greeter position would be changed to a Customer Host position, he immediately requested a reasonable accommodation. Specifically, Mr. Yokwe requested that he be permitted to perform the Customer Host position with the temporary accommodation of sitting down for most of his shift until his medical condition improved. In the alternative, Mr. Yokwe requested reassignment to another available position that would permit him to perform the essential functions of the position with the accommodation of sitting until his medical condition improved.

55. Defendant assured Mr. Yokwe that it would help him find an alternate position. Mr. Yokwe relied on that assurance and waited for his request for accommodation to be addressed.

56. Defendant did not respond to Mr. Yokwe's request for reasonable accommodation. Defendant did not ask Mr. Yokwe to fill out accommodation paperwork as Mr. Yokwe had done previously in 2015. Defendant did not engage in the interactive process with Mr. Yokwe, as it had previously in 2015, to discuss his prognosis or consider possible temporary or longer-term accommodations with respect to the new Customer Host position. Defendant did not assist Mr. Yokwe with reassignment to another position for which he was qualified with or without accommodation as it had previously in 2015.

57. Defendant discriminated against Mr. Yokwe by terminating him without responding to his request for reasonable accommodation.

## **PRAYER FOR RELIEF**

WHEREFORE, these premises considered, Plaintiff MANASE L. YOKWE respectfully requests that this Honorable Court:

A.     Enter a permanent injunction enjoining Defendant from engaging in employment practices that discriminate on the basis of disability;

B.     Enter an order requiring Defendant to make Mr. Yokwe whole by placing him in the position he would have occupied in the absence of discrimination, including back pay, front pay, interest, and other benefits that would have accrued;

C.     Enter an order requiring Defendant to pay compensatory and punitive damages as a jury may assess;

D.     Award Mr. Yokwe his reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 12205; and

E.     Award such other and further relief as justice may require.

## **DEMAND FOR JURY TRIAL**

Mr. Yokwe hereby requests a jury trial.

RESPECTFULLY SUBMITTED on this, the **30TH** day of **January 2019.**

By:    /s/ Rosalie Lindsay-Guimarães
ROSALIE LINDSAY-GUIMARÃES
CRAIG BLAKE
**DISABILITY LAW CENTER**

*Attorneys for Plaintiff*